BENJAMIN B. WAGNER
United States Attorney
MARK J. McKEON
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone (559) 498-4000
Facsimile: (559) 497-4099

Attorneys for the
 United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DAVID BIGELOW, JR.,<br><br>                    Defendant.<br>_____ | CASE NO. 1:10-cr-00293-LJO<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>DATE: To Be Determined<br>TIME: To Be Determined<br>CTRM: Hon. Lawrence J. O'Neill |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through BENJAMIN B. WAGNER, United States Attorney for the Eastern District of California, and Assistant United States Attorney MARK J. McKEON, and defendant, DAVID BIGELOW, JR., and his attorney, SALVATORE SCIANDRA, have agreed as follows:

        1.  <u>Charges</u>.

        The defendant acknowledges that he has been charged in a 10-count Indictment as follows:

        Mail Fraud, in violation of Title 18, United States Code, Section 1341 (5 counts);

Counterfeiting of Postage Stamps, in violation of Title 18, United States Code, Section 501 (5 counts); and

Criminal Forfeiture under Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B) and Title 28, United States Code, Section 2461(c).

2.   <u>Nature, Elements and Possible Defenses</u>.

The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of the crimes in Counts 1 and 6 of the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

<u>COUNT ONE</u>

The elements of the crime of Mail Fraud are:

First,      the defendant knowingly devised a scheme or plan for obtaining money by means of false or fraudulent pretenses;

Second,     the statements made as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money;

Third,      the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth,     the defendant used the United States mail to further the scheme.

COUNT TWO

The elements of the crime of Counterfeiting of Postage Stamps are:

First,    the defendant made, printed, knowingly used or sold, or possessed with intent to use and sell,

Second,   a forged or counterfeit postage meter stamp.

3. Agreements by the Defendant.

(a) Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Count One of the Indictment which charges him with Mail Fraud, in violation of Title 18, United States Code, Section 1341, and Count Six of the Indictment which charges him with Counterfeiting of Postage Stamps, in violation of Title 18, United States Code, Section 501.

(c) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. Regardless of the sentence he receives, defendant gives up any right he may have to bring a post-appeal attack on his plea, conviction and sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his plea, conviction, or sentence. The defendant specifically gives up his right to appeal any order of restitution

3

the Court may impose.

(e)   The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f)   Defendant agrees that his base offense level is seven (7) pursuant to USSG § 2B1.1(a)(1), and that an 8-level enhancement applies because the loss is more than $70,000 but not more than $120,000 pursuant to USSG § 2B1.1(b)(1)(E).

(g)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(h)   The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 28 U.S.C. § 2461(c).   Those assets include, but are not limited to, the following:

a.   Approximately $2,068.80 in U.S. Currency seized from Guaranty Bank Checking   Account Number 380-6647834, held in the names of David H. Bigelow, Jr. and Mail Boxes West;

b.   Approximately $2,544.17 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4876633, held in the name of David H. Bigelow, Jr.;

c.   Approximately $10,148.81 in U.S. Currency seized

from Guaranty Bank  Savings Account Number 779-557834, held in the names of David H. Bigelow Jr., or Alicia A. Guardado;

d.   Approximately $293.78 in U.S. Currency  seized from Guaranty Bank Checking   Account Number 380-7063858, held in the names of Alicia A. Guardado and David H. Bigelow, Jr.;

e.   Approximately $24.23 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4159774, held in the names of Alicia A. Guardado and David H. Bigelow, Jr.; and

f.   Approximately $559.62 in U.S. Currency  seized from Guaranty Bank Checking Account Number 380-5392713, held in the names of David H. Bigelow, David H. Bigelow, Jr., and Mail Boxes West.

The defendant agrees that the listed assets constitute property derived from proceeds traceable to a violation of 18 U.S.C. § 1341.  The defendant further agrees that the listed assets are property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 501.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the

time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution.  The defendant knowingly and voluntarily waives any right to jury trial in any criminal or civil forfeiture proceeding.

(i)  The defendant agrees the conduct to which he is pleading requires mandatory restitution pursuant to Section 3663A(c)(1)(A)(ii) of Title 18, United States Code, and agrees to pay restitution to the United States and in the amount of $100,000.

(j)  The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence.  Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  Defendant further understands that the Court, after

consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(k)   If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right to: (1) prosecute the defendant on any of the counts to which he pleaded guilty; (2) reinstate any counts that may be dismissed under this agreement; and (3) file any new charges that would otherwise be barred by this agreement.   The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.   By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.   In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, without limitation, any statutes of limitation or any objections based no the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after his Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United Sates

Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed.  By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

4.  <u>Agreements by the Government</u>.

(a)  The government will recommend a two-level reduction (if the offense is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b)  The government agrees that defendant's base offense level is seven (7) pursuant to USSG § 2B1.1(a)(1), and that an 8-level enhancement applies because the loss is more than $70,000 but not more than $120,000 pursuant to USSG § 2B1.1(b)(1)(E).

(c)  If the defendant fully complies with his obligations under paragraph 3 above, the government agrees to make its recommendation pursuant to this agreement.  If the defendant does not comply with the conditions set forth in paragraph 3, then the government is free to institute new charges, re-institute or re-file the charges found in this indictment or not be bound by its recommendations in paragraph 4.

(d)  To the extent such a recommendation is consistent with the United States Sentencing Guidelines, the government will recommend that Count One run concurrent to Count Six.

(e)  The defendant understands that if the defendant violates

1    his conditions of pre-trial release the government may, in addition

2    to the agreements set forth above, also request imprisonment for

3    his violation of the pre-trial conditions.

4         (f)   The defendant acknowledges and understands that the

5    government makes no other representations to him regarding fines,

6    whether any other specific offense characteristics apply to his

7    conduct, his criminal history under Chapter Four or whether

8    additional enhancements or reductions under Chapter Three or Five

9    of the United States Sentencing Guidelines apply and defendant

10   understands that the government is free to comment and to make

11   recommendations to the to the court and the probation officer

12   regarding those matters.

13        (g)   The government agrees to dismiss Counts 2, 3, 4, 5, 7,

14   8, 9 and 10 of the Indictment at the time of sentencing.

15        5.   Factual Basis.

16        Defendant will plead guilty because he is in fact guilty of

17   the crimes set forth in Counts One and Six of the Indictment.

18   Defendant also agrees that the following are the facts of this

19   case, although he acknowledges that, as to other facts, the parties

20   may disagree:

21        Beginning at a time unknown but no later than on or about July
          30, 2008, and continuing through on or about January 26, 2010,
22        defendant BIGELOW devised and intended to devise a scheme and
          artifice to defraud, and to obtain and attempt to obtain money
23        and property by means of material false and fraudulent
          pretenses, representations, and promises, and in connection
24        therewith, caused the United States mail to be used, that is,
          defendant BIGELOW manufacture counterfeited United States
25        postage meter stamps which he sold and used for postage on
          mail deposited in the United States mail.  As a result of the
26        said scheme and artifice to defraud, the defendant wrongly
          obtained at least $100,000.
27
          On or about May 7, 2009, for the purpose of executing and
28        attempting to execute the scheme and artifice set forth above,

defendant BIGELOW mailed and caused mail to be sent and delivered, by the United States Postal Service, mail matter mailed from Mail Boxes West, 23 W. Alexander Ave., Merced, CA to 11959 Mountain Springs, Groveland, CA 95321.

On or about May 7, 2009, defendant made and printed, knowingly used and sold, and possessed with the intent to use and sell, a forged and counterfeited postage meter stamp.

6. <u>Potential Sentence</u>.

The following is the maximum potential sentence which defendant faces:

<u>COUNT ONE</u>

(a)  Imprisonment.

   Maximum: Twenty (20) years.

(b)  Fine.

   Maximum: Two hundred and fifty thousand dollars ($250,000).

(c)  Both such fine and imprisonment.

(d)  Restitution.

   Mandatory

(d)  Term of Supervised Release:

   Maximum: Three (3) years.

   (Should the defendant violate any of the terms of her supervised release, she can be returned for the period of supervised release, actually imposed by the Court or two (2) years, whichever is less.)

(e)  Penalty Assessment.

   Mandatory: One hundred dollars ($100.00)

<u>COUNT SIX</u>

(a)  Imprisonment.

   Maximum: Five (5) years.

(b)  Fine.

   Maximum: Two hundred and fifty thousand dollars

($250,000).

    (c)  Both such fine and imprisonment.

    (d)  Restitution.

    Mandatory

    (d)  Term of Supervised Release:

    Maximum: Three (3) years.

    (Should the defendant violate any of the terms of his supervised release, he can be returned for the period of supervised release, actually imposed by the Court or two (2) years, whichever is less.)

    (e)  Penalty Assessment.

    Mandatory: One hundred dollars ($100.00)

7.  <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)  If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)  If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.

11

The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.  At trial, the defendant would also have the right to assistance of legal counsel.  If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8.   <u>Questions by Court</u>.

Defendant understands that if the court questions him under

oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. <u>Entire Agreement</u>.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose. Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

10. <u>Court not a Party</u>.

It is understood by the parties that the Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Indictment. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to

fulfill all of the obligations under this Plea Agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

11.  <u>Presentence Report</u>.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background.  It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation.  In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the

//

defendant's criminal activities, including information on his background and criminal history.

BENJAMIN B. WAGNER
United States Attorney

DATED:  4/8/11          By:  _____
                             MARK J. McKEON
                             Assistant U.S. Attorney

DATED:  4/8/11               _____
                             DAVID BIGELOW, JR.
                             Defendant

DATED:  4/8/11               _____
                             SALVATORE SCIANDRA
                             Attorney for Defendant