BENJAMIN B. WAGNER
United States Attorney
MARK J. McKEON
JEFFREY A. SPIVAK
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:10-CR-00293-LJO |
| Plaintiff, | **STIPULATION TO AMEND THE FINAL ORDER OF FORFEITURE AND ORDER THEREON** |
| v. | |
| DAVID BIGELOW, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel, and David Bigelow, pro se, stipulate to amend the Final Order of Forfeiture in the above-captioned case.

In short, the United States obtained roughly $115,000 in restitution from defendant David Bigelow even though the defendant David Bigelow was only obligated to pay $100,000 in restitution.  In order to correct this issue, the parties jointly request that the Court amend the Final Order of Forfeiture to remove property previously ordered forfeited such that it can be returned to defendant David Bigelow.

///
///
///
///
///

1

<u>Background</u>

2

1.    On June 20, 2011, upon application by the United States, the Court entered a

3

Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest

4

of defendant David Bigelow, in the following property, the total value of which was

5

approximately $15,000.00 ($15,639.41 to be precise):

6

a)    Approximately $2,068.80 in U.S. Currency seized from Guaranty Bank

7

Checking Account Number 380-6647834, held in the names of
David H. Bigelow, Jr. and Mail Boxes West;

8

b)    Approximately $2,544.17 in U.S. Currency seized from Guaranty Bank

9

Checking Account Number 380-4876633, held in the name of David H.
Bigelow, Jr.;

10

c)    Approximately $10,148.81 in U.S. Currency seized from Guaranty

11

Bank Savings Account Number 779-557834, held in the name of David
H. Bigelow Jr., or Alicia A. Guardado;

12

d)    Approximately $293.78 in U.S. Currency seized from Guaranty Bank

13

Checking Account Number 380-7063858, held in the name of Alicia A.
Guardado and David H. Bigelow, Jr.;

14

e)    Approximately $24.23 in U.S. Currency seized from Guaranty Bank

15

Checking Account Number 380-4159774, held in the names of Alicia
A. Guardado and David H. Bigelow, Jr.; and

16

f)    Approximately $559.62 in U.S. Currency seized from Guaranty Bank

17

Checking Account Number 380-5392713, held in the names of David H.
Bigelow, David H. Bigelow Jr., and Mail Boxes West.

18

<u>See</u> Preliminary Order of Forfeiture (ECF # 18).

19

2.    Defendant David Bigelow was sentenced on July 22, 2011, at which time the

20

Preliminary Order of Forfeiture was made final as to his interests in the above-referenced

21

property.  (ECF # 24).  On or about this same date, the Court ordered defendant David

22

Bigelow to pay restitution in the amount of $100,000 and a $200 special assessment.  <u>Id.</u>

23

3.    On the date of sentencing, defendant David Bigelow made an $85,000

24

payment to the Clerk of the Court.  It was defendant David Bigelow's understanding that

25

this payment of $85,000 was to represent the remaining amount of his $100,000

26

restitution after being credited for the approximately $15,000.00 forfeited through the

27

Preliminary Order of Forfeiture (the approximate value of items a. through f. referenced in

28

paragraph 1 above).

4.     A Final Order of Forfeiture as to the above-listed property (items a. through f.) was entered on December 14, 2011. (ECF #30)

5.     The $15,639.41 forfeited was deposited into the Asset Forfeiture Fund after deduction of forfeiture costs.

6.     On October 4, 2011 the Financial Litigation Unit ("FLU") of the United States Attorney's Office recorded a $100,000.00 lien on property owned by defendant David Bigelow located at 1821 Los Olvos Court in Atwater, California 95301 (the "Atwater Property") representing the entire $100,000.00 in restitution ordered.   Restitution and Forfeiture are separate penalties and, thus, FLU did not credit defendant David Bigelow for forfeited funds. See United States v. Newman, 659 F.3d 1235, 1241-43 (9th Cir. 2011)

7.     In or about April of 2014, defendant David Bigelow sold the Atwater Property.  By that time, the United States' FLU unit had become aware that defendant David Bigelow had paid restitution of $85,000.00.  Thus, according to FLU's records, defendant David Bigelow still owed $15,200.00 ($100,000.00 in restitution, plus a $200.00 special assessment, less the $85,000 restitution payment made at sentencing).

8.     Thus, on or about May 8, 2014, FLU sent a demand to Fidelity National Title, the company handling the escrow for the sale of the Atwater Property for $15,200.00. That amount, at closing, was withdrawn from escrow and sent to the Clerk of the Court.

9.     Thus, in total, approximately $115,839.41 was delivered by defendant David Bigelow to the United States. This included:  (a) the $15,639.41 forfeited (described in paragraphs 1 and 2 above), (b) the $85,000.00 in restitution paid at sentencing, and (c) the $15,200.00 obtained out of escrow for the sale of the Atwater Property.

10.     Of that amount, $84,800.00 has been sent to the United States Postal Service (USPS) and the remaining $15,200.00 from the sale of the Atwater Property is due to be released to USPS by the Clerk of the Court.  Thus, the USPS will receive the full $100,000.00 restitution amount due to it.  The Court also received its $200 special assessment.

11.     After full satisfaction of the USPS restitution and the Court's $200 special

assessment), however, an overpayment of $15,639.41, will remain in the Asset Forfeiture Fund.

12.     To process a return of that money to defendant David Bigelow, the parties are requesting that the Court amend its Final Order of Forfeiture to effectively un-forfeit the $15,639.41 forfeited in the Final Order of Forfeiture (described in paragraphs 1 and 2 above).

13.     Although forfeiture and restitution are separate penalties and, thus, separate recovery for forfeiture and for restitution is not improper (see Newman, 659 F.3d at 1241-43), in this case there is some ambiguity in the record as to whether the US Attorney's Office had indicated to defendant David Bigelow that the roughly $15,639.41 in forfeiture would be applied to restitution.

14.     Thus, the United States believes it is in the interests of justice that the $15,639.41 be returned to Defendant David Bigelow.

<u>Stipulation</u>

Thus, the parties jointly move this Court to amend the Final Order of Forfeiture, as follows:

15.     Upon entry of a Final Judgment of Forfeiture herein, <u>zero amount</u> of the assets below shall be forfeited to the United States:

a)     Approximately $2,068.80 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-6647834, held in the names of David H. Bigelow, Jr. and Mail Boxes West;

b)     Approximately $2,544.17 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4876633, held in the name of David H. Bigelow, Jr.;

c)     Approximately $10,148.81 in U.S. Currency seized from Guaranty Bank Savings Account Number 779-557834, held in the name of David H. Bigelow Jr., or Alicia A. Guardado;

d)     Approximately $293.78 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-7063858, held in the name of Alicia A. Guardado and David H. Bigelow, Jr.;

e)     Approximately $24.23 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4159774, held in the names of Alicia A. Guardado and David H. Bigelow, Jr.; and

f)      Approximately $559.62 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-5392713, held in the names of David H. Bigelow, David H. Bigelow Jr., and Mail Boxes West.

(The assets listed in this Paragraph 9 (a-f) are referred to hereafter as the "Returned Funds").

16.     Upon entry of the Court's order amending the Final Judgment of Forfeiture herein, the full amount of the Returned Funds shall be returned to defendant David Bigelow.  Thus, after entry of the Court's order amending the Final Order of Forfeiture, $15,639.41 shall be returned to defendant David Bigelow.

17.     Defendant David Bigelow represents and warrants that he is the sole owner of the Returned Funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the United States with regard to its forfeiture of all or part of the Returned Funds, defendant David Bigelow shall hold harmless and indemnify the United States.

18.     Defendant David Bigelow hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the Returned Funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  Defendant David Bigelow agrees to waive the provisions of California Civil Code § 1542, which provides:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

19.     Defendant David Bigelow agrees that he did not substantially prevail in this action within the meaning of 28 U.S.C. § 2465.

20.     Each party shall bear his or its own costs and attorney's fees.

21. The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

22. Each party represents and warrants that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

23. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

24. Each party represents that he or it understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

25. Notwithstanding the entry of the Court's order amending the Final Order of Forfeiture herein, the parties hereby stipulate that the U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Stipulation to Amend the Final Order of Forfeiture and Court's Order amending the Final Order of Forfeiture.

26. Defendant David Bigelow acknowledges that he has obtained the advice of counsel, or has declined to do so, and that he is entering into this stipulation knowingly and voluntarily.

Dated:  January 30, 2015                          BENJAMIN B. WAGNER
                                                  United States Attorney


                                            By:  /s/ Jeffrey A. Spivak
                                                  JEFFREY A. SPIVAK
                                                  Assistant United States Attorney


Dated:  1/10/2015                    By: /s/ David Bigelow
                                            DAVID BIGELOW

                                     (original signature retained by attorney)

# ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Court amends the Final Order of Forfeiture on the terms set forth in the Stipulation:

1.    The Final Judgment of Forfeiture is amended as follows:  <u>zero amount</u> of the below assets below shall be forfeited to the United States:

g)    Approximately $2,068.80 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-6647834, held in the names of David H. Bigelow, Jr. and Mail Boxes West;

h)    Approximately $2,544.17 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4876633, held in the name of David H. Bigelow, Jr.;

i)    Approximately $10,148.81 in U.S. Currency seized from Guaranty Bank Savings Account Number 779-557834, held in the name of David H. Bigelow Jr., or Alicia A. Guardado;

j)    Approximately $293.78 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-7063858, held in the name of Alicia A. Guardado and David H. Bigelow, Jr.;

k)    Approximately $24.23 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-4159774, held in the names of Alicia A. Guardado and David H. Bigelow, Jr.; and

l)    Approximately $559.62 in U.S. Currency seized from Guaranty Bank Checking Account Number 380-5392713, held in the names of David H. Bigelow, David H. Bigelow Jr., and Mail Boxes West.

(The assets listed in this Paragraph 9 (a-f) are referred to hereafter as the "Returned Funds").

2.    Thus, after entry of this Order, $15,639.41 shall be returned to defendant David Bigelow.

3.    Further, the Court adopts the parties other agreements, waivers and representations and warranties as set forth in the Stipulation.

IT IS SO ORDERED.

Dated:  __February 5, 2015__          ___/s/ Lawrence J. O'Neill___
                                     UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation to Amend the Final Order of
Forfeiture and Order Thereon